FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  FEB 28 2014  ★

BROOKLYN OFFICE

CV 14 - 01377

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------

KIRK GREAVES,

                             **COMPLAINT**

                Plaintiff,

                             Docket No.

       -against-

                   GARAUFIS,  <u>Jury Trial Demanded</u>

CITY OF NEW YORK, JAMEL CARR, Individually,
JOHN COSTIN, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                             MANN, M.J.

               Defendants.

------------------------------------------------------------------X

       Plaintiff KIRK GREAVES, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully allege as follows:

### Preliminary Statement

    1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

    2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth

and Fourteenth Amendments to the United States Constitution, and the Constitution of the State

of New York.

    3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

    4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.     Plaintiff KIRK GREAVES is a thirty-four year old African American citizen of the United States who resides in Brooklyn, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, JAMEL CARR, JOHN COSTIN, and JOHN or JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## **FACTS**

12.     On April 6, 2011, at approximately 5:25 p.m., plaintiff KIRK GREAVES was lawfully present inside of 1247 Dean Street, Brooklyn, New York as an invited guest of John Watson.

13.     At the aforesaid time and place, defendants CARR, together with other NYPD officers who were also members of the 77 Precinct field team, unlawfully stopped, questioned, searched and arrested plaintiff for trespass at said location, despite the fact that plaintiff informed defendants that he was visiting Mr. Watson and was not in fact committing trespass or any other offense or violation.   Moreover, Mr. Watson informed the defendants that he lived at said location and plaintiff was his lawful guest.

14.     The defendants stopped and arrested plaintiff pursuant to a practice of disproportionately stopping, searching, and arresting individuals due to their race.

15.     Plaintiff was thereafter transported to the 77th Precinct and imprisoned therein.

16.     While plaintiff was imprisoned at the 77th Precinct, he was subjected to a humiliating and unlawful strip search, which was authorized by defendant JOHN COSTIN. The defendants compelled plaintiff to remove his clothing, squat and cough.

17.     Plaintiff was arraigned in Kings County Criminal Court on baseless charges filed under docket number 2011KN044603; said charges having been filed based on the false allegations of defendant CARR.   The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

3

18.     Defendant police officers created and manufactured false evidence against plaintiff and used same against him in said legal proceedings.  Specifically, defendant CARR swore to false allegations which formed the basis of the criminal charges filed against plaintiff.

19.     As a result of defendant CARR's false allegations, which he conveyed to the Kings County District Attorney's Office, plaintiff was compelled to return to Court until June 11, 2012, when all the purported charges levied against plaintiff based on the false allegations of the defendants were adjourned in contemplation of dismissal.  They were subsequently dismissed and sealed in Kings County Criminal Court.

20.     Defendant COSTIN supervised defendants CARR and JOHN DOE and JANE DOE 1 through 10, participated in, approved of, oversaw, and otherwise presided over the defendants' strip search and prosecution of the plaintiff.

21.     The defendant NYPD officers CARR and JOHN and JANE DOE 1 through 10 either directly participated in and/or failed to intervene in the illegal conduct described herein.

22.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality; pursuant to an unlawful custom or practice of strip searching individuals; and pursuant to a custom or practice of falsification.

23.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on the proper way investigate individuals who are present in buildings, have repeatedly arrested individuals for trespassing in buildings in which said

4

individuals were lawfully present, disproportionately stop and arrest individuals due to discrimination against them based on their race and/or nationality, illegally strip search citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search, and engage in a practice of falsification.

24.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

25.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26.     As a result of the foregoing, plaintiff KIRK GREAVES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

27.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29.     All of the aforementioned acts deprived plaintiff KIRK GREAVES, a member of

a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33.     As a result of the foregoing, plaintiff KIRK GREAVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     Defendants arrested plaintiff KIRK GREAVES, without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical

6

restraints.

36.     Defendants caused plaintiff KIRK GREAVES, to be falsely arrested and unlawfully imprisoned.

37.     As a result of the foregoing, plaintiff KIRK GREAVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unlawful Strip Search under 42 U.S.C. §1983)

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants strip searched plaintiff in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

40.     Defendants thereby caused plaintiff KIRK GREAVES to be deprived of his right to be free from unlawful strip searches.

41.     As a result of the foregoing, plaintiff KIRK GREAVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants maliciously issued criminal process against plaintiff by causing him to

be arraigned and prosecuted in a Criminal Court.

44.     Defendants caused plaintiff KIRK GREAVES to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

45.     As a result of the foregoing, plaintiff KIRK GREAVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

46.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants created false evidence against plaintiff KIRK GREAVES.

48.     Defendants utilized this false evidence against plaintiff KIRK GREAVES in legal proceedings.

49.     As a result of defendants' creation and use of false evidence, plaintiff KIRK GREAVES suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

50.     As a result of the foregoing, plaintiff KIRK GREAVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

51.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.    Defendants had an affirmative duty to intervene on behalf of plaintiff KIRK GREAVES, whose constitutional rights were being violated in their presence by other officers.

53.    The defendants failed to intervene to prevent the unlawful conduct described herein.

54.    As a result of the foregoing, plaintiff KIRK GREAVES was subjected to false arrest, illegal strip search, and his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, detained, strip searched and issued criminal process without probable cause.

55.    As a result of the foregoing, plaintiff KIRK GREAVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

56.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    The defendants falsely arrested, maliciously issues process, and illegally strip searched plaintiff KIRK GREAVES because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

9

58.     As a result of the foregoing, plaintiff KIRK GREAVES was deprived of his rights under the Equal Protection Clause of the United States Constitution.

59.     As a result of the foregoing, plaintiff KIRK GREAVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The supervisory defendants, including but not limited to COSTIN, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

62.     As a result of the foregoing, plaintiff KIRK GREAVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

10

65.   The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, arresting individuals for trespassing in buildings in which said individuals were lawfully present, disproportionately stopping, searching, and arresting individuals due to discrimination against them based on their race and/or nationality, and committing perjury and/or manufacturing evidence and/or engaging in falsification. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff KIRK GREAVES'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

66.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KIRK GREAVES.

67.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KIRK GREAVES, as alleged herein.

68.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KIRK GREAVES, as alleged herein.

11

69.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff KIRK GREAVES was unlawfully seized, detained, incarcerated, searched, and prosecuted.

70.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KIRK GREAVES' constitutional rights.

71.     All of the foregoing acts by defendants deprived plaintiff KIRK GREAVES of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from seizure and arrest not based upon probable cause;

      C.     To be free from malicious abuse of process;

      D.     To be free from false imprisonment/arrest;

      E.     To receive equal protection under law;

      F.     To receive right to fair trial; and

      G.     To be free from unlawful strip searches.

72.     As a result of the foregoing, plaintiff KIRK GREAVES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KIRK GREAVES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined

       by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      February 26, 2014

                            LEVENTHAL & KLEIN, LLP
                            Attorneys for Plaintiff KIRK GREAVES
                            45 Main Street, Suite 230
                            Brooklyn, New York 11201
                            (718) 722-4100

                By:                           

                            BRETT H. KLEIN (BK4744)